UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
JERRY NWANKOSO,

                           Petitioner,

                 v.                                 9:06-CV-98
                                                     (LEK)(GHL)

DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,

                           Respondents.
-----------------------------------------------------------------------
APPEARANCES

JERRY NWANKOSO
#A7096319
Petitioner *pro se*
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

## **DECISION AND ORDER**

**A.**    **The Petition for a Writ of Habeas Corpus.**

Currently before the Court is Petitioner Jerry Nwankoso's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. Petitioner apparently is confined at the Federal Detention Center in Batavia, New York. *See* Dkt. No. 1.

Petitioner has been ordered removed to Nigeria. *See* Dkt. No. 1 at 3. No other petition for review of the removal order is currently pending.

On May 11, 2005, Congress enacted the Real ID Act (the "Act"), which became effective that same day. *See* Real ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section 106 of the Act amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, . . .

8 U.S.C. § 1252(a)(5).[2]

Thus, to the extent that Petitioner is directly or indirectly challenging his removal order, he may not do so in this Court. *See Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL 1971893, at *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL 1971896, at *1 (W.D.N.Y. Aug. 9, 2005) (same).

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, Petitioner alleges that the determination was made in Los Angeles, California.

[2] The Real ID Act also provides that, if any case brought pursuant to 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion "is **pending** in a district court" on the date the Act became effective – May 11, 2005 – "then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." Real ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, § 106(c), 119 Stat. 311 (2005) (emphasis added). Petitioner filed this petition on January 17, 2006. *See* Dkt. No. 1. Therefore, because this petition was **not pending** on May 11, 2005, this Court has no authority to transfer this petition to the appropriate court of appeals.

Moreover, to the extent that Petitioner is only seeking a stay of his removal, this Court is also without jurisdiction to address this request. As one court in this Circuit recently noted, "[b]y depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'" *Rodney v. Gonzalez*, No. 05 CV 3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006); *see also Munoz*, 2005 WL 1644165, at *1 (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).[3]

Accordingly, for all the above-stated reasons, the Court dismisses the petition without prejudice to Petitioner refiling it in the appropriate court of appeals.

B.    **Petitioner's *in Forma Pauperis* Application**.

In light of the foregoing, the Court will deny Petitioner's *in forma pauperis* application as moot.

C.    **Pending Motion for an Emergency Stay.**

The Court must deny the pending motion for an emergency because the Court has dismissed this petition for lack of jurisdiction, the Court denies the motion for an emergency stay as moot.

---

[3] Even if this Court had jurisdiction over any of Petitioner's claims, Petitioner has not established that venue is proper in this District. Generally, a § 2241 petition is brought in the district in which the petitioner is incarcerated. *See Excellent v. Ashcroft*, 359 F. Supp. 2d 333, 336 n.3 (S.D.N.Y. 2005). As noted, it appears that Petitioner is currently detained in Batvia, New York which is located within the Western District of New York.

**D.    Conclusion**.

Accordingly, for all of the above-stated reasons, it is hereby

ORDERED that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), in which he is seeking a stay of removal is **DENIED AND DISMISSED WITHOUT PREJUDICE** to Petitioner refiling the petition in the appropriate Circuit Court of Appeals; and the Court further

ORDERED that Petitioner's request to proceed with this action *in forma pauperis* (Dkt. No. 2) is **DENIED**; and the Court further

ORDERED that the motion for an emergency stay of removal is **DENIED AS MOOT**; and the Court further

ORDERED that the Clerk of the Court serve a copy of this Order on Petitioner.

IT IS SO ORDERED.

Dated:  January 25, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge